


**FILED**
**Aug 09, 2022**
**12:27 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Eboni Harris | ) | Docket No. 2021-05-1136 |
| | ) | |
| v. | ) | State File No. 20643-2021 |
| | ) | |
| Vanderbilt University Medical Center | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts the trial court erred in denying her requests for reimbursement of certain medical expenses, the authorization of additional medical treatment, and the payment of temporary disability benefits. Having carefully reviewed the record, we affirm the trial court's determinations and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Eboni Harris, La Vergne, Tennessee, employee-appellant, pro se

Nathaniel Cherry, Nashville, Tennessee, for the employer-appellee, Vanderbilt University Medical Center

### Memorandum Opinion[1]

Eboni Harris ("Employee") worked for Vanderbilt University Medical Center ("Employer") as a certified nursing assistant and caregiver. On February 28, 2021, Employee slipped and fell while at work, reporting pain and other symptoms in her neck, back, left arm, and left shoulder. Employer accepted the compensability of the accident and initiated medical treatment. It provided Employee a panel of medical providers from which she selected Vanderbilt Occupational Health Clinic. At her initial visit, Employee

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

reported aggravating her chronic left-sided neck pain.  She also described radiating pain from her neck to her upper left arm and her upper back and complained of left wrist and hand pain.

After an initial evaluation, a nurse practitioner at the Occupational Health Clinic referred Employee to Dr. Paul Rummo, an osteopathic physician, who had previously treated Employee's cervical spine condition.  When Dr. Rummo saw Employee on March 8, Employee complained of left shoulder, neck, and back pain.  During his physical examination, Dr. Rummo noted normal range of motion in the lumbar and cervical spines.  X-rays showed minimal degenerative changes in the cervical spine but no osteoarthritic changes in the left shoulder.  Dr. Rummo diagnosed a left trapezius strain that he concluded was more than 50% related to the work injury.  He also noted preexisting congenital conditions.  As a result of Employee's work-related injury, Dr. Rummo prescribed medication and physical therapy for the neck and left shoulder and recommended she return to normal work duties.

In April 2021, Employee saw Dr. Nanette Dendy at the VUMC Adult Village at Vanderbilt to establish primary care treatment.[2]  Dr. Dendy observed that Employee had previously undergone surgery to repair a Chiari malformation and was also being treated by Dr. Rummo for her trapezius strain.[3]  At that visit, Employee complained of daily headaches and noted she had not been evaluated by a neurologist.  Dr. Dendy diagnosed migraine headaches and prescribed medications to treat Employee's condition.  Employee returned to Dr. Dendy's office in May with complaints of ongoing headaches, and she was diagnosed with occipital neuralgia.  Dr. Dendy referred her for a brain MRI and noted she had an upcoming neurology appointment.  In June, Dr. Dendy noted Employee's brain MRI was unchanged from the previous study.

On July 27, 2021, Employee was evaluated by Dr. Shilpi Mittal, a neurologist, whom she selected from Employer's panel.  According to Dr. Mittal's report, Employee reported having "pain issues" since being attacked by patients in 2018 and 2019.  Following those incidents, she experienced what she described as "ice pick headaches."  After undergoing surgery in December 2020 to repair the Chiari malformation, the February 2021 incident occurred, which, according to Employee, resulted in her pain "restarting."  Dr. Mittal diagnosed "intractable chronic migraines," "chronic tension-type headaches,"

---

[2] A dispute arose regarding whether Employee's visits with Dr. Dendy were authorized as a result of her current workers' compensation claim.  Employee asserted in her Rule 72 Declaration that she was instructed by Employer to "pick" a primary care physician from a "panel/book/phone number."  Employer submitted a Rule 72 Declaration of Christyl Baber, a claims representative, who denied authorizing appointments with Dr. Dendy and denied providing a panel that included Dr. Dendy as an option.

[3] A Chiari malformation is "a condition in which brain tissue extends into the spinal canal."  *See* "Chiari Malformation," Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/chiari-malformation/symptoms-causes/syc-20354010 (last visited August 8, 2022).

and "bilateral occipital neuralgia" but did not note the cause or causes of these conditions in her report. Dr. Mittal prescribed medications to treat these conditions.

In her September 24, 2021 report, Dr. Dendy noted Employee "[w]ould like to return to work without restrictions." According to Dr. Dendy, Employee "has been able to zip line on vacation and is doing normal activities." Moreover, Employee reported her chronic headaches were better controlled with medications. Dr. Dendy released Employee to return to work without restrictions as of that date.

In November 2021, Employee was terminated "for excessive tardiness and insubordination," according to the Rule 72 Declaration of Employer's Manager of HR Operations. On December 10, 2021, Employee returned to Dr. Dendy, complaining of increased stress and worse migraines after losing her job. She acknowledged using a medication more than was prescribed in an effort to treat her headaches. Dr. Dendy noted she had a neurology follow-up in February. At that February 3, 2022 neurology visit, the nurse practitioner recommended both pharmacologic and non-pharmacologic therapies to treat Employee's chronic headaches but did not alter the diagnosis or treatment plan.

With respect to the issue of causation, Dr. Mittal completed a questionnaire dated March 24, 2022, in which she indicated that none of the conditions for which she treated Employee were more than fifty percent caused by the February 28, 2021 work injury. She further indicated that she did not take Employee out of work for any period of time and did not recommend any work restrictions as a result of that accident.

Employee filed a request for an expedited hearing to address medical and temporary disability benefits. Following a May 17, 2022 hearing, the trial court issued an order denying Employee's request for additional benefits. The court concluded Employee had not come forward with sufficient evidence to show a likelihood of prevailing at trial. Employee has appealed.

We first note that, contemporaneously with the filing of her notice of appeal, Employee submitted additional documentation, some of which had not been provided to the trial court. In particular, Employee submitted responses to a questionnaire purportedly signed and dated by Dr. Mittal on June 6, 2022. On appeal, we cannot consider documentation that was not properly admitted into evidence for the trial court's consideration. *See, e.g.*, *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) (The Appeals Board "will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

Second, Employee has the burden of proving every essential element of her claim for workers' compensation benefits. Tenn. Code Ann. § 50-6-239(c) (2021). However, at an expedited hearing, "an employee need not prove every element of his or her claim by a

preponderance of the evidence" but may be awarded certain benefits if the employee has shown a likelihood of prevailing at trial. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Here, we agree with the trial court's determination that Employee did not come forward with sufficient evidence at the expedited hearing to indicate a likelihood of prevailing at trial on the issues of medical causation, reimbursement of unauthorized medical costs, and temporary disability. In short, the documentary evidence properly submitted by the parties in preparation for and during the expedited hearing did not support Employee's claim for additional benefits at this stage of the case.

Finally, our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript of the hearing or statement of the evidence and fails to offer any substantive argument on appeal. Without a transcript or a statement of the evidence, we cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the testimony as summarized in the trial court's order. *See Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Id.* at *7. Moreover, we note that Employee is self-represented in this appeal, as she was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> [C]ourts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). Here, Employee did not provide a transcript of the expedited hearing and, thus, the full extent of the evidence submitted at the expedited hearing is unknown. Employee also did not file a brief on appeal and did not offer any meaningful argument as to how the trial court allegedly erred in its order.

For the foregoing reasons, we affirm the trial court's order in all respects and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Eboni Harris | ) | Docket No. 2021-05-1136 |
| | ) | |
| v. | ) | State File No. 20643-2021 |
| | ) | |
| Vanderbilt University Medical Center | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of August, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Eboni Harris | | | | X | ebonianderson95@gmail.com |
| Nathaniel Cherry | | | | X | ncherry@howardtatelaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov